IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SHAWN ABNER, Individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>CONVERGYS CORPORATION,<br><br>*Defendant* | § Civil Action No. _____<br>§<br>§ JURY TRIAL DEMANDED<br>§<br>§ COLLECTIVE ACTION<br>§ PURSUANT TO 29 U.S.C. § 216(b)<br>§<br>§ CLASS ACTION PURSUANT TO<br>§ FED. R. CIV. P. 23(b)<br>§ |

**PLAINTIFF'S ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff Shawn Abner brings this action individually and on behalf of all current and former non-exempt call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Convergys Corporation (hereinafter "Defendant" or "Convergys"), at any time from June 28, 2015 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and the Kentucky Wage and Hour Act, KY. REV. STAT. ANN. §§ 337.010, *et seq.*

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his additional state-law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and a class action pursuant to the laws of the State of Kentucky.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Convergys in call centers throughout the United States at any time in the past three years through the final disposition of this matter, and have not been paid for all hours worked in violation of state and federal law.

3. Specifically, Convergys has enforced uniform company-wide corporate policies wherein it improperly required its non-exempt hourly employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay and also has impermissibly required Plaintiff and the Putative Class Members to clock out for breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y United States Dep't. of Labor v. Am. Future Sys., Inc.*, 16-2685, 2017 WL 4558663 (3d Cir. Oct. 13, 2017).

4. Convergys' company-wide policies developed and enforced, at least in part, within this jurisdiction, has caused Plaintiff and the Putative Class members to have hours worked that have not been compensated and have further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Convergys has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty hours each workweek on a routine and regular basis in the last three years.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the Kentucky Acts.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under Kentucky state law as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 classes are certified as defined herein, and that Plaintiff Abner be named as Class Representative for the Kentucky Class.

## II.
## THE PARTIES

11. Plaintiff Shawn Abner ("Abner") was employed by Convergys within the meaning of the FLSA and the Kentucky Acts within this judicial district within the relevant three-year period. Plaintiff Abner has not received overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Class Members are those current and former call-center employees who were employed by Convergys at any time from June 28, 2015 through the final disposition of this

---

[1] The written consent of Shawn Abner is hereby attached as Exhibit "A."

matter, and have been subjected to the same illegal pay system under which Plaintiff Abner worked and was paid.

13. Defendant Convergys Corporation (hereinafter "Convergys") is a domestic for-profit corporation, and may be served with process through its registered agent: **CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219**.

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

15. This Court has supplemental jurisdiction over the additional Kentucky state law claims pursuant to 28 U.S.C. § 1367.

16. On information and belief, this Court additionally maintains original jurisdiction over the Kentucky state-law claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715 ("CAFA"). *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3rd Cir. 2010).

17. This Court has personal jurisdiction over Convergys because Convergys maintains its corporate headquarters in this District and Division.

18. Venue is proper in the Southern District of Ohio, Western Division because this is the judicial district and division where Convergys maintains its corporate headquarters.

19. Specifically, Convergys is headquartered in Cincinnati, Ohio, which is located in this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21. Convergys is a world leading customer management outsourcing business, that is they operate call centers to provide customer support on behalf of their clients.[2]

22. Upon information and belief, Convergys is a publicly traded, global customer management firm operating throughout the United States, including Cincinnati, Ohio.

23. Plaintiff and the Putative Class Members' job duties have consisted of answering phone calls made by Convergys' clients' customers, answering customer inquiries, troubleshooting on behalf of customers, and generally assisting customers.

24. Plaintiff Abner was employed by Convergys as Tech Support from approximately 2017 until February 2018.

25. Plaintiff and the Putative Class Members are non-exempt employees who are paid by the hour.

26. Plaintiff and the Putative Class Members worked (and continue to work) approximately forty (40) on the clock hours per week.

27. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked (and continue to work) approximately three and a half (3½) to five (5) hours "off-the-clock" per week and they were not compensated for that time.

28. Plaintiff and the Putative Class Members were not (and continue to not be) compensated for all the hours they worked for Convergys as a result of Convergys's corporate policy and practice of requiring all call-center employees to be ready to take their first phone call the moment their official shift starts.

---

[2] https://www.convergys.com/index.php

29. Specifically, Plaintiff and the Putative Class Members have been required to start and log into their computer, open multiple different Convergys computer programs, log in to each Convergys program, and ensure that each Convergys program is running correctly in order to take their first phone call, which comes in as soon as their official shift starts. This process can take up to thirty (30) minutes

30. Although this start-up time has been necessary and integral to their job duties, Plaintiff and the Putative Class Members have not been compensated for this time.

31. Convergys has required Plaintiff and the Putative Class Members to be ready to accept their first customer call at the moment the employee's official shift starts. Convergys also has required that Plaintiff and the Putative Class Members must log on and have all the requisite computer programs running before their first phone call at the start of their official shift. As such, Convergys required (and continues to require) that Plaintiff and the Putative Class Members perform these start-up tasks "off-the-clock" before their official shift begins.

32. Convergys also has enforced a corporate policy and practice requiring all call-center employees to clock out any time they leave their desk. Specifically, Plaintiff and the Putative Class Members have even been required to clock out for leaving their desk to go to the bathroom.

33. Additionally, although Convergys has offered two fifteen-minute breaks per day to their employees, these breaks were (and continue to be) unpaid, in violation of clear and controlling that states that break periods lasting twenty-minutes or less are compensable time and must be paid. Instead, Plaintiff and the Putative Class Members have been required to clock out for their fifteen-minute breaks.

34. As a result of Convergys's corporate policies and practices requiring Plaintiff and the Putative Class Members to perform start up tasks off-the-clock and requiring employees to clock out for breaks under twenty minutes in duration, Plaintiff and the Putative Class Members were not (and

continue to not be) compensated for all hours worked, including all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA.

35. Convergys employed (and continues to employ), other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

36. Convergys was (and continues to be) aware of its obligation to pay overtime for all hours worked in excess of forty (40) each week to Plaintiffs and the Putative Class Members but failed to do so.

37. Because Convergys has not paid Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Convergys's pay policies and practices violated the FLSA and Kentucky Acts.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The FLSA Collective is defined as:

**ALL CALL-CENTER EMPLOYEES WHO HAVE BEEN EMPLOYED BY CONVERGYS CORPORATION, AT ANY TIME FROM JUNE 28, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

40. At all times hereinafter mentioned, Convergys has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41. At all times hereinafter mentioned, Convergys has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

42. During the respective periods of Plaintiff and the Putative Class Members' employment by Convergys, these individuals have provided services for Convergys that involved interstate commerce for purposes of the FLSA.

43. In performing the operations hereinabove described, Plaintiff and the Putative Class Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

44. Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt employees of Convergys who assisted customers throughout the United States. 29 U.S.C. § 203(j).

45. At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

46. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 39.

47. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Convergys.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

48. Convergys has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty

(40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they have been employed.

49. Moreover, Convergys knowingly, willfully, and with reckless disregard has carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

50. Convergys knew or should have known its pay practices were in violation of the FLSA.

51. Convergys is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

52. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Convergys to pay them according to the law.

53. The decisions and practices by Convergys to not pay for all hours worked and the proper amount of overtime for all hours worked have neither been reasonable nor have they been in good faith.

54. Accordingly, Plaintiff and the Putative Class Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C.  **COLLECTIVE ACTION ALLEGATIONS**

55. All previous paragraphs are incorporated as though fully set forth herein.

56. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Convergys's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were not paid.

57. Other similarly situated employees of Convergys have been victimized by Convergys's patterns, practices, and policies, which are in willful violation of the FLSA.

58. The FLSA Collective Members are defined in Paragraph 39.

59. Convergys's failure to pay Plaintiff and the Putative Class Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Convergys, and does not depend on the personal circumstances of Plaintiffs or the Putative Class Members.

60. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

61. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

62. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

63. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

64. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Convergys will retain the proceeds of its violations.

65. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

66. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 39 and notice should be promptly sent.

## COUNT THREE
### (Class Action Alleging Violations of the KWHA)

A.     **KENTUCKY WAGE AND HOUR ACT COVERAGE**

67. All previous paragraphs are incorporated as though fully set forth herein.

68. The Kentucky Class is defined as:

**ALL CALL-CENTER EMPLOYEES WHO HAVE BEEN EMPLOYED BY CONVERGYS CORPORATION, AT ANY TIME FROM JUNE 28, 2013 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Kentucky Class" or "Kentucky Class Members").**

69. At all times hereinafter mentioned, Convergys has been an employer within the meaning of the Kentucky Wage and Hour Act, KY. REV. STAT. ANN. §§ 337.010, *et seq.*; 803 KY. ADMIN. REGS. 1:005.

70. At all times hereinafter mentioned, Plaintiff Abner and the Kentucky Class Members have been employees within the meaning of the Kentucky Wage and Hour Act, KY. REV. STAT. ANN. §§ 337.010, *et seq.*; 803 KY. ADMIN. REGS. 1:005.

B.     **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE KENTUCKY WAGE AND HOUR ACT**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. The Kentucky Wage and Hour Act provides that no employer "shall require any employee to work without a rest period of at least (10) minutes for each four (4) hours worked . . . **No reduction in compensation shall be made for hourly or salaried workers**." KY. REV. STAT. ANN. § 337.365 (emphasis added).

73. The Kentucky Wage and Hour Act further requires that "[e]very employer doing business in [Kentucky] shall . . . pay to each of its employees all wages or salary earned to a day not more than eighteen (18) days prior to the date of that payment." KY. REV. STAT. ANN. § 337.020.

74. Convergys has willfully failed to pay Plaintiff Abner and the Kentucky Class Members for all hours they worked. When this off-the-clock time is included as time worked, Convergys has

failed to pay Plaintiff Abner and the Kentucky Class Members correct wages, and overtime wages, as required by the Kentucky Wage and Hour Act.

75. Plaintiff Abner and the Kentucky Class Members have suffered damages and continue to suffer damages as a result of Convergys' acts or omissions as described herein; though Convergys is in possession and control of necessary documents and information from which Plaintiff Abner would be able to precisely calculate damages.

76. Plaintiff Abner, on behalf of himself and the Kentucky Class Members, seeks recovery of their unpaid wages and an additional equal amount as liquidated damages, attorneys' fees, costs, and reasonable expenses of this action to be paid by Convergys. *See* KY. REV. STAT. ANN. §337.385.

77. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Kentucky Wage and Hour Act, is defined in Paragraph 68.

78. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Convergys.

**C. KENTUCKY CLASS ALLEGATIONS**

79. Plaintiff Abner brings his Kentucky claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Convergys to work in Kentucky at any time between June 28, 2013 and the present. *See* KY. REV. STAT. ANN. § 413.120(2).

80. Class action treatment of Plaintiff Abner's claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

81. Convergys employees (and has employed) numerous individuals during the relevant window of recovery and joinder of their individual claims would be impracticable.

82. Plaintiff Abner is a member of the Kentucky Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

83. Plaintiff Abner and his counsel will fairly and adequately represent the class members and their interests.

84. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

85. Accordingly, the Kentucky Class should be certified as in Paragraph 68.

## VI.
## RELIEF SOUGHT

86. Plaintiff respectfully prays for judgment against Convergys as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 39 and requiring Convergys to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order certifying the Kentucky Acts Class as defined in Paragraph 68 and designating Shawn Abner as the Class Representative of the Kentucky Acts Class.

   c. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

   d. For an Order awarding Plaintiff, Opt-In Plaintiffs, and Class Members back wages that have been improperly withheld;

   e. For an Order pursuant to Section 16(b) of the FLSA finding Convergys liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

    f.  For an Order pursuant to the Kentucky Acts awarding the Kentucky Plaintiff and the Kentucky Acts Class Members all damages allowed by law;

    g.  For an Order awarding Plaintiff, Opt-In Plaintiffs, and Class Members the costs of this action;

    h.  For an Order awarding Plaintiff, Opt-In Plaintiffs, and Class Members attorneys' fees;

    i.  For an Order awarding Plaintiff, Opt-In Plaintiffs, and Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

    j.  For an Order awarding Plaintiff a service award as permitted by law;

    k.  For an Order compelling the accounting of the books and records of Convergys; and

    l.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 28, 2018         Respectfully submitted,

         **ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
      **Clif Alexander** (*Pro Hac Vice Anticipated*)
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson** (*Pro Hac Vice Anticipated*)
      Texas Bar No. 24045189
      austin@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**

By:   /s/ *Robert E. DeRose*
      **Robert E. DeRose** (OH Bar No. 0055214)
      bderose@barkanmeizlish.com
      **Trent R. Taylor** (OH Bar No. 0091748)
      ttaylor@barkanmeizlish.com
      250 E. Broad St., 10th Floor
      Columbus, Ohio 43215
      Telephone: (614) 221-4221
      Fax: (614) 744-2300

      **Attorneys in Charge for Plaintiffs and Putative Class Members**