UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAWN ABNER,

        Plaintiff,

   v.

CONVERGYS CORPORATION,

        Defendant.

Case No. 1:18-cv-442
JUDGE DOUGLAS R. COLE

## ORDER

This matter is before the Court on Plaintiffs' Unopposed Motion to Approve the Settlement with Defendant Convergys ("Motion," Doc. 278), the accompanying "Settlement Agreement" (Doc. 278-2), the accompanying Declaration of Clif Alexander (Doc. 278-3), the accompanying Declaration of Robert DeRose (Doc. 278-4), the accompanying Memorandum of Law (Doc. 278-1), and all other papers and proceedings herein. Based on the Court's review of those materials, the Court hereby **GRANTS** the Motion (Doc. 278) and **ORDERS** that the settlement reached on behalf of Plaintiff Shawn Abner and the Settlement Collective Members, which includes a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and their respective state wage laws pursuant to the Arizona Fair Wages and Healthy Families Act ("CWCA"), A.R.S. §§ 23-350, et seq. and A.R.S. §§ 23-364 (the "Arizona Acts"); Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, et seq. and the Colorado Minimum Wage Act ("CMWA"), C.R.S. §§ 6-6-101, et seq., as implemented by the Colorado Minimum Wage Order (the CWCA and the CMWA will be referred to collectively as the "Colorado Acts"); Florida common law; Georgia common law; the

Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. §§ 44-313, et seq.; the Kentucky Wage and Hour Act ("KWHA"), Ky. Rev. Stat. §§ 337.010, et seq.; Missouri common law; Mo. Rev. Stat. §§ 290.500, et seq.; the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19, et seq.; the New York Payment of Wages Act ("NYPOW"), N.Y. Lab. Law §§ 190, et seq., the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650, et seq., the New York Code of Rules and Regulations ("NY Code"), 12 N.Y.C.R.R. §§ 142, et seq. (the NYPOW, NYMWA, and the NMY code will be referred to collectively as the "New York Acts"); North Carolina common law; Oregon common law; the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq.; Texas common law; Utah common law; and Virginia common law should be, and is, **APPROVED**.

This Court generally reviews FLSA settlements to ensure that (i) "the settlement resolves a bona fide dispute under the FLSA"; and (ii) that the settlement is "fair, reasonable, and adequate." *Macknight v. Healthcare*, No. 2:20-cv-4508, 2021 U.S. Dist. LEXIS 227262, at *2 (S.D. Ohio Mar. 4, 2021); *accord Dewald v. Time Warner Cable Inc.*, Nos. 16-cv-1129, 17-cv-631, 2021 U.S. Dist. LEXIS 32459, at *8 (S.D. Ohio Feb. 16, 2021). Here, the Court finds that each of these requirements is satisfied.

As to the former, plaintiffs contend that Convergys failed to pay them for time spent to ensure that the employees were "call ready" at the start of their shift. Convergys, on the other hand, claims that it paid its workers for all time spent on the job, and that, even if Convergys had not done so, the resulting time was de

2

minimis, and thus did not give rise to a right to recovery. That strikes the Court as a bona fide dispute about both the facts and the law. *See Wachtelhausen v. CCBCC, Inc.*, 2:20-cv-6234, 2021 WL 3847860, at *2 (S.D. Ohio Aug. 26, 2021).

As to the latter, the Court ultimately concludes that the settlement is fair, adequate, and reasonable. The total amount of the recovery is $650,000, inclusive of attorneys' fees, costs, and incentive payments, for an opt-in group of plaintiffs comprising 3,461 former employees. The amount will be distributed based on the total number of weeks each opt-in class member worked at Convergys during the relevant time period. At the outset, the Court notes that the average recovery for each opt-in class member, $160, is relatively small. And net of attorneys' fees and costs, it is even smaller, $98.09.[1] That doesn't sound great, at least in the abstract. Yet, according to plaintiffs, the gross average amount (i.e., $160) represents approximately 78% of the expected damages if plaintiffs had prevailed at trial.[2] And, as plaintiffs also note, this case also involved substantial litigation risks. Plaintiffs could have lost either on the law or the facts.

In reviewing the proposed settlement, the Court applies the seven-factor test that courts in this circuit use for class action settlements, including FLSA settlements. *See Ross v. Jack Rabbit Servs., LLC*, No. 3:14-cv-44-DJH, 2016 U.S. Dist. LEXIS 173292, at *5 (W.D. Ky. Dec. 15, 2016). This requires the Court to

---

[1] While this figure is not included in the parties' briefing, the plaintiffs provided it to the Court in response to a question the Court posed to the parties on this issue.

[2] According to the plaintiffs, the total estimated alleged wage underpayment for the opt-in plaintiffs is, on average, $206.30.

consider: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representative; (6) the reaction of absent class members; and (7) the public interest. *See, e.g.*, *Neal v. Hallsons of Lebanon, Inc.*, No. 1:20-cv-672, 2022 U.S. Dist. LEXIS 42210, at *6–9 (S.D. Ohio Feb. 28, 2022). Here, the Court concludes there is no risk of fraud or collusion; the matter is complex; the parties have engaged in relatively extensive discovery; success on the merits faced substantial obstacles as noted above; class counsel are experienced; the lead plaintiff supports the settlement; and the settlement is not contrary to the public interest. Accordingly, the Court concludes that, on the facts here, the settlement amount is fair, adequate, and reasonable.

In addition, courts reviewing FLSA settlements must ensure that the attorneys' fees and expenses that Plaintiffs' counsel seek are reasonable. Here, the settlement provides Plaintiffs' counsel from Barkan Meizlish DeRose Cox, LLP and Anderson Alexander, PLLC with a total payment of $216,667.00, in addition to $38,310.06 in expenses. Together that constitutes approximately 40% of the $650,000.00 settlement fund. This fee is reasonable under the factors described in *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). Moreover, the fee's reasonableness is further evidence by the fact that the requested fee award is substantially less than Plaintiffs' counsel's actual lodestar fairly attributable to the work performed by Plaintiffs' counsel in connection with Defendant Convergys.

Finally, the Court finds that the requested $24,000.00 in Incentive Awards to Plaintiff Shawn Abner and the nine (9) Representative Plaintiffs is reasonable in view of their respective contributions to the instant litigation and settlement. The requested Representative Plaintiff Payments fall within the range of awards in other FLSA collective settlements. *See, e.g.*, *Neal v. Hallsons of Lebanon, Inc.*, No. 1:20-cv-672, 2022 U.S. Dist. LEXIS 42664, at *5–8 (S.D. Ohio March 2, 2022) ($5,000 service award to named plaintiff); *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-cv-426, 2019 U.S. Dist. LEXIS 11019, at *16–17 (S.D. Ohio Jan. 18, 2019) ($10,000 service award to named plaintiff); *Osman v. Grube, Inc.*, No. 3:16-cv-802, 2018 U.S. Dist. LEXIS 78222, at *5 (N.D. Ohio May 4, 2018) ($7,500 service award to named plaintiff).

Accordingly, the Court **GRANTS** the Motion (Doc. 278), **APPROVES** the settlement, and **DISMISSES** the claims asserted against Defendant Convergys in this action **WITH PREJUDICE**. The Court will retain jurisdiction over Defendant Convergys and the Plaintiffs concerning any disputes pertaining to the enforcement of the settlement.

**SO ORDERED.**

September 7, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**